IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR116** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| **LAVELLE GILES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court for reconsideration of the motion for relief from prejudicial joinder (Filing No. 382) filed by the Defendant, Lavelle Giles.

At the conference held pursuant to Federal Rule of Criminal Procedure 17.1 on April 2, 2007, the motion was denied.  (Filing No. 386.)  The government filed a brief in opposition to the motion (Filing No. 396), and the Defendant responded (Filing No. 398). The Court has reconsidered the motion.

Joint trials are preferred unless a party requesting severance can show a clear likelihood of prejudice.  *United States v. Flores,* 362 F.3d 1030, 1039 (8th Cir. 2004). Federal Rule of Criminal Procedure 14(a) allows for relief from prejudicial joinder.  The Defendant's primary argument is that his trial should be severed from that of his codefendants because of the danger of prejudice resulting from being tried with his codefendants.

The Eighth Circuit has stated:

> [A] likelihood [of prejudice] may be demonstrated by showing either that the jury cannot be expected to compartmentalize the evidence with respect to different defendants due to a "prejudicial spillover effect" between the cases against them, or that one defendant's defense conflicts with that of another and that the jury is likely to infer from this conflict alone that both are guilty. Merely showing that a separate trial would increase the likelihood of acquittal is not sufficient.

*United States v. Boone,*  437 F.3d 829, 837 (8th Cir. 2006) (citations omitted).

More specifically, separate trials are not granted because the weight of the evidence against one defendant is more than against another or because of limited involvement in a conspiracy. *United States v. Pecina,* 956 F.2d 186, 188 (8th Cir. 1992). The burden on the party moving for severance is very high, as the showing of prejudice must be "severe or compelling." *Flores,* 362 F.3d at 1039. Mutually antagonistic defenses do not automatically require severance. *Id.* at 1040. Additionally, the model Eighth Circuit jury instructions used by this Court clearly and sufficiently address the proper consideration of evidence as to each defendant and charge. *Pecina,* 956 F.2d at 188.

In this case, the parties disagree as to this Defendant's role in the conspiracy and with respect to the expected evidence relating to the Defendant as opposed to his codefendants. The Defendant has failed to meet the high standard required for severance. Finally, judicial economy is a consideration since the trial is expected to last five weeks. Even if the Court were inclined to grant severance, there is no firm indication that the government would stipulate to the evidence to the degree suggested by the Defendant. For these reasons, the Court exercises its discretion and denies the reconsidered motion for severance.

IT IS ORDERED that the motion for relief from prejudicial joinder (Filing No. 382) filed by the Defendant, Lavelle Giles, has been reconsidered and is denied.

DATED this 26th day of April, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge