# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR116** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **LAVELLE GILES and** | ) | |
| **GEORGE MOORE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on the following motions filed by the Defendant, Lavelle Giles: to file documents restricted pursuant to the E-Goverrnment Act (Filing No. 411); opposition to motion to compel (Filing No. 412); to "dismiss" Moore's motion to compel (Filing No. 416); to file a document restricted under the E-Government Act (Filing No. 419); and motion to strike and objection to oral argument (Filing No. 420). Also before the Court is the motion to compel filed by the Defendant, George Moore (Filing No. 407).

***Moore's Motion to Compel (Filing No. 407); Giles's Opposition (Filing No. 412)***

The pending motions arose as the result of the filing of the Defendant, George Moore's motion to compel (1) the production of a tape-recorded conversation between Moore and counsel for the Defendant, Lavelle Giles, and (2) an order that members of the Federal Public Defender's Office for this district not contact Moore in the future without providing notice to Moore's counsel.

Moore's counsel has acknowledged that she now has received a recording of the conversation of Moore and Lavelle Giles's counsel. Therefore, this portion of the motion is denied as moot.

With respect to the requested order prohibiting contact between Moore, who has been sentenced and hopes for the filing of a motion pursuant to Federal Rule of Criminal Procedure 35, there is no Sixth Amendment right to counsel in conjunction with Rule 35 proceedings.  *Scott v. United States,* 473 F.3d 1262, 1264 (8th Cir.), *cert. denied,* 127 S. Ct. 2443 (2007).  *Accord, United States v. Taylor,* 414 F.3d 528, 536 (4th Cir. 2005). Because a Rule 35 proceeding may only benefit a defendant through a reduction of an otherwise final sentence, there is also no due process right to counsel at a Rule 35 proceeding.  *Taylor,* 414 F.3d at 537; *United States v. Palomo,* 80 F.3d 138, 142 (5th Cir. 1996).  While George Moore has no apparent right to counsel at this stage of the proceedings, and particularly no right to court-appointed counsel at the expense of the government, Mary Gryva, an attorney authorized to practice before this Court, has placed counsel for Lavelle Giles on notice that she is in fact representing George Moore in connection with the above-captioned case and Moore's anticipated Rule 35 proceedings. There is nothing precluding Ms. Gryva and Mr. Moore from maintaining an attorney-client relationship without a court appointment.  Both the Code of Professional Responsibility (DR 7-104) and the Rules of Professional Conduct (Rule 4.2) preclude a lawyer from communicating with someone who is represented by another lawyer "about the subject of the representation."  Now that counsel for Lavelle Giles has been made aware that George Moore is represented by counsel, there should be no further contact between Giles's counsel and Moore unless prior consent is obtained from Moore's counsel.  *See also* NEGenR 1.7(b)(2).

For the reasons discussed, Moore's motion (Filing No. 407) is denied as moot with respect to production of the taped conversation, and the opposition to the motion filed by Lavelle Giles (Filing No. 412) is also denied as moot.

### *Giles's Motions to Seal Documents (Filing Nos. 411, 419)*

The Defendant, Lavelle Giles, seeks permission to file the pleadings at Filing Nos. 412 (Opposition to Moore's motion to compel), 413 (brief in opposition to Moore's motion to compel) and 420 (motion to strike) with restricted access pursuant to the E-Government Act. (Filing Nos. 411, 419.) The motions are granted.

### *Giles's Motion to Strike (Filing No. 420)*

Giles's counsel seeks an order striking the pleadings located at Filing Nos. 407 through 418. The motion is denied.

### *Giles's Motion to Dismiss (Filing No. 416)*

In light of the Court's ruling with respect to Moore's motion to compel, Giles's motion to "dismiss" Moore's motion is denied as moot.

IT IS ORDERED:

1. The motion to compel (Filing No. 407) filed by the Defendant, George Moore, is denied as moot with respect to production of the taped conversation, and granted with respect to further communication between counsel for Defendant Lavelle Giles and Defendant George Moore;

2. The opposition to motion to compel (Filing No. 412) filed by the Defendant, Lavelle Giles, is denied as moot;

3. The motions to file restricted documents pursuant to the E-Government Act (Filing Nos. 411, 419) filed by the Defendant, Lavelle Giles, are granted;

3. The motion to strike (Filing No. 420) filed by the Defendant, Lavelle Giles, is denied; and

4. The motion to dismiss (Filing No. 416) filed by the Defendant, Lavelle Giles, is denied as moot.

DATED this 27th day of June, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge